**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JULIAN ROMERO,

Plaintiff,

v. 26cv0296 KWR-JHR

BOARD OF COUNTY COMMISSIONERS OF RIO ARRIBA COUNTY; ROADRUNNER HEALTH SERVICES, LLC; DR. LEVI MAES, Medical Director at Rio Arriba County Detention Center for Roadrunner Health Services, in his individual capacity; WEXFORD HEALTH SOURCES, INC., a foreign for-profit company doing business in New Mexico; PAUL SWOBODA, MD, CNMCF Medical Director for Wexford, in his individual capacity; JOYCE RODGRIGUEZ, RN, in her individual capacity; WENCE ASONGANYI, Health Services Administrator for New Mexico Corrections Department, in her individual capacity; ALISHA TAFOYA LUCERO, as Secretary of New Mexico Corrections Department, in her individual capacity, ROBERT NILIUS, Warden of Central New Mexico Correctional Facility, in his individual capacity; JOSE L. GALLEGOS, Warden of Rio Arriba County Adult Detention Center, in his individual capacity; and JOHN/JANE DOES 1-10, in their individual capacities,

Defendants.

## ORDER SETTING CASE MANAGEMENT DEADLINES AND DISCOVERY PARAMETERS

**THIS MATTER** came before the Court on a Rule 16 scheduling conference held on August 20, 2026. Following a review of the parties' Joint Status Report and Provisional Discovery Plan, and after conferring with the parties, the Court will permit the following discovery:

a) Maximum of 35 Interrogatories by Plaintiff to "each D group" (see JSR p.28, n.2 for definitions of each of 4 groups), 35 by each D group to Plaintiff.

b) Maximum of 35 Requests for Production by Plaintiff to "each D group" (see JSR p.28, n.2 for definitions of each of 4 groups), 35 by each D group to Plaintiff.

c) Maximum of 35 Requests for Admission by Plaintiff to "each D group" (see JSR p.28, n.2 for definitions of each of 4 groups), 35 by each D group to Plaintiff.

d) Maximum of 20 Depositions by Plaintiff and 20 Depositions by Defendants collectively (Depositions of expert witnesses do not count toward the numerical limit for depositions). and

e) Each deposition is limited to 7 hours (for parties, Rule 30(b)(6) witnesses, and experts), and 4 hours for all others, unless otherwise agreed to by the parties.

Service of interrogatories, requests for production, and requests for admission shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline.

The Court has set the following case management deadlines for discovery:

| | |
|---|---|
| Deadline for Plaintiff to move to amend pleadings: | September 15, 2026 |
| Deadline for Plaintiff to join additional parties:[1] | September 15, 2026 |
| Deadline for Defendant to move to amend pleadings: | October 15, 2026 |
| Deadline for Defendant to join additional parties:[1] | October 15, 2026 |
| Plaintiff's Rule 26(a)(2) expert disclosures:[2] | May 3, 2027 |
| Defendant's Rule 26(a)(2) expert disclosures:[2] | July 1, 2027 |
| Plaintiff's disclosure of rebuttal experts, if any: | 15 days from service of Defendant's expert reports |
| Termination date for fact discovery: | March 15, 2027 |

[1] Federal Rule of Civil Procedure 16 requires that the Court set a deadline for amendment of pleadings and joinder of parties. A party seeking to amend the pleadings after the above dates must both demonstrate good cause to amend the scheduling order as required by Federal Rule of Civil Procedure 16(b) and satisfy the requirements for amendment under Federal Rule of Civil Procedure 15(a). *See, e.g.*, *Gorsuch Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1242 (10th Cir. 2014).

[2] Parties must disclose the names of all expert witnesses, including treating physicians, the subject matter on which the experts will present evidence, and a summary of the facts and opinions to which the experts are expected to testify by this date. Experts who are retained or specifically employed to provide expert testimony must also submit an expert report by this date. *See* Fed. R. Civ. P. 26(a)(2). The parties must have their retained expert(s) ready to be deposed at the time they identify them and provide their reports. Expert witnesses who are not required to provide a written report may be deposed before summary disclosure.

| | |
|---|---|
| Termination date for all other discovery: | August 16, 2027 |
| Motions relating to discovery to be filed by: | August 23, 2027 |
| Pretrial motions other than discovery motions to be filed by:[3] | December 3, 2027 |

Pursuant to Federal Rule of Civil Procedure 16(b)(3)(B)(v), "before moving for an order relating to discovery, the movant must request a conference with the court" to attempt to informally resolve the dispute. Discovery motions that fail to conform to this requirement may be summarily denied. Any extension of the case management deadlines must be approved by the Court. Any requests for additional discovery must be submitted to the Court by motion prior to the expiration of the discovery.

IT IS SO ORDERED.

HON. JERRY H. RITTER
United States Magistrate Judge

[3] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The presiding judge will set a deadline for the submission of motions in limine and other trial-related deadlines in a separate order.